145 So. 580

## DUTTON v. STATE.

### 8 Div. 474.

Court of Appeals of Alabama.
June 30, 1932.

Rehearing Denied Nov. 1, 1932.

Reversed on Mandate Jan. 31, 1933.

Seybourne H. Lynne, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The court is conversant with the decisions which hold that in order to sustain

a conviction for the unlawful possession of whisky, there must be evidence tending to prove a guilty scienter. It is also the law that this guilty knowledge may be inferred from facts and circumstances surrounding the possession. Where whisky in considerable quantities is found in defendant's dwelling, two gallons in a keg in the room where defendant is lying on the bed fully dressed, with his shoes on and under the influence of whisky, and as the officers came in with a search warrant defendant's wife leaves the room with a gallon jug of whisky which she breaks on the corner of the house, in an effort to destroy evidence, and the defendant tried to induce the deputy sheriff to lead the other deputies away from his dwelling where the whisky was found, the question becomes one of fact for the jury to say whether the defendant knowingly had possession of the whisky found in his house.

■ Five empty jugs were found in the cellar to defendant's house, and while this evidence was perhaps not relevant, the case was being tried by the court without a jury, and we hold that if error there was, it was without injury to defendant's cause.

We find no error in the record, and the judgment is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Dutton v. State, 226 Ala. 1, 145 So. 581.